Citation Nr: 1702647 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-47 965 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma



THE ISSUE

Entitlement to payment of death pension benefits.



ATTORNEY FOR THE BOARD

P. Olson, Counsel



INTRODUCTION

The Veteran had active military service from February 1971 to December 1973. He died in September 1984. The appellant is his surviving son.

This matter is before the Board of Veterans' Appeals (Board) following Board Remands in April 2013 and December 2015. This matter was originally on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA), Pension Management Center of the Regional Office (RO) in St. Paul, Minnesota. Jurisdiction is otherwise with the Muskogee, Oklahoma, RO.

The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS).


FINDING OF FACT

Based on the information provided, the appellant's countable income during the time period on appeal exceeded the maximum annual pension rate for a "helpless child."


CONCLUSION OF LAW

The criteria for improved death pension benefits for a helpless child have not been met. 38 U.S.C.A. §§ 1503, 1542, 5103, 5103A, 5312 (West 2014); 38 C.F.R. §§ 3.3, 3.24, 3.271, 3.272 (2015). 



REASONS AND BASES FOR FINDING AND CONCLUSION

Pursuant to the Board's April 2013 and December 2015 Remands, the Appeals Management Center (AMC)/RO sent the appellant a financial status report to complete for years 2009 to 2015, readjudicated the Veteran's claim, and issued Supplemental Statements of the Case. Based on the foregoing actions, the Board finds that there has been compliance with the Board's April 2013 and December 2015 Remands. Stegall v. West, 11 Vet. App. 268 (1998). Additional information requested of the appellant as a result of the most recent remand was not forthcoming and the matter has been returned to the Board.

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). With respect to the appellant's claim, as will be explained fully below, in the present case there is no legal basis upon which this benefit may be awarded. Sabonis v. Brown, 6 Vet. App. 426 (1994). As such, the provisions of VCAA have no effect on an appeal where the law and not the underlying facts or development of the facts are dispositive in a matter. Manning v. Principi, 16 Vet. App. 534, 542-543 (2002).
 
In an October 6, 2009, rating decision, permanent incapacity for self-support was established for the appellant as he was found to be totally disabled due to schizophrenia. 

Improved death pension is a benefit payable by VA to a surviving child because of the Veteran's nonservice-connected death. Basic entitlement exists if: (i) the Veteran had qualifying service; or (ii) the Veteran was, at time of death, receiving or entitled to receive compensation or retired pay for a service-connected disability; and (iii) the surviving child meets the net worth requirements of 38 C.F.R. § 3.274 and has annual income not in excess of the applicable maximum annual pension rate specified in 38 C.F.R. § 3.24. 38 U.S.C.A. § 1542; 38 C.F.R. § 3.3 (b) (4). 

The maximum annual rate of improved pension for a child is specified by statute and is increased from time to time under 38 U.S.C.A. § 5312. 38 C.F.R. § 3.24. 

The appellant's claim was received in October 2008. The rates of pension benefits for the relevant time period were published in tabular form in Appendix B of the Veterans Benefits Administration Manual M21-1R, and are given the same force and effect as if published in the Code of Federal Regulations. 38 C.F.R. § 3.21 (2014). Effective from December 1, 2007, maximum annual pension rate for a child was $1,909. Effective December 1, 2008, the maximum annual pension rate for a child was increased to $2,020. This amount remained in effect until December 1, 2011, when the maximum annual pension rate increased to $2,093. Effective December 1, 2012, the maximum annual pension rate was increased to $2,129. Effective December 1, 2013, the maximum annual pension rate was increased to $2,161. 

Regarding whether the income limits are satisfied, the law provides that payments of any kind from any source shall be counted as income during the 12-month annualization period in which received, unless specifically excluded under 38 C.F.R. § 3.272. 38 C.F.R. § 3.271. Recurring income means income which is received or anticipated in equal amounts and at regular intervals and which will continue throughout an entire 12-month annualization period. 38 C.F.R. § 3.271 (a)(1). 

Exclusions from countable income for VA pension purposes include, as relevant to the instant claim, unreimbursed medical expenses, to the extent that such medical expenses exceed 5 percent of the maximum annual pension rate or rates payable to the child during the 12-month annualization period in which the medical expenses were paid. 38 C.F.R. § 3.272. Effective December 1, 2007, medical expenses that can be excluded from income are those that exceed $95.45; effective December 1, 2008, $101; effective December 1, 2011, $104.65; effective December 1, 2012, $106.45; and effective December 1, 2013, $108.05. 

In November 2011, the appellant reported income from Social Security as $131 per month and survivors' income as $977 per month with medical deduction of $116 per month. The appellant also reported gross wages from employment from December 31, 2010 to December 31, 2011 as $2,732. He also noted that he paid $131 per month for Medicare (Part B) and $1392 per year/($116 per month) for Medicare. 

Evidence of record shows that as of June 2007, the appellant was receiving Social Security benefits of $228 per month. In December 2007, the appellant received $233 per month; in October 2008, $233.40 per month; in December 2008, $246.40 per month; in March 2009, $247 per month; December 2009, $247 per month, October 2011, $246.40 per month, in December 2011, $255.90 per month; in December 2012, $259.90 per month; in December 2013, $263.90 per month; and in December 2014, $267.90 per month. 

Social Security records also indicate a dual entitlement with benefits of $977 in December 2010, $1012 in December 2011, $1029 in December 2012, $1045 in December 2013, and $1062 in December 2014. 

Based on the information provided, the appellant's countable income exceeds the maximum annual rate payable for the entirety of the appeal period. 

From the period December 1, 2008 to November 30, 2009, the period for which the appellant had the least income, which totaled $2,796 (monthly SSA of $233 multiplied by 12), which is over the maximum annual pension rate for that period of $1,909. Calculations for 2009 to 2010 yield similar results and show income of $2,957 in 2009, and $2,964 in 2010 consistently exceeded the maximum allowable for death pension purposes, which was $1,909 in 2007, and $2,020 from 2008 to 2010. 

In December 2010, when the appellant began receiving dual entitlement, he received an additional $11,724 in 2011, $12,144 in 2012, $12,348 in 2013, $12,540 in 2014, and $12,744 in 2015. In addition, the appellant reported gross wages from employment from December 31, 2010 to December 31, 2011 as $2,732. Thus, even considering $2,964 per year for medical expenses ($131 + $116 x 12) noted by the Veteran in November 2011, the appellant's income from December 2010 is substantially over the maximum annual pension rate for those periods. As the appellant's income has exceeded the statutory limits throughout the entirety of the pendency of the claim, he is not entitled to payment of death pension.

The appellant has provided evidence that he has a dependent daughter. The rates of pension benefits are not adjusted for a dependent of a child. The Board is sympathetic to the appellant's circumstances. Nonetheless, the income limits for entitlement to VA nonservice-connected death pension, and the factors that may be considered in calculating countable income, are established by law, and the Board is bound by that law. As the appellant's countable income is not less than that level, the Board must deny entitlement to payment of non-service-connected pension.


ORDER

Entitlement to payment of death pension benefits is denied.

____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs